UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER M. HARRIS, II,

        Plaintiff,

v.                                                   Case Number 18-cv-12954
                                                   Honorable Thomas L. Ludington

ANTHONY M. WICKERSHAM, ERIC J. SMITH,
MACOMB COUNTY SHERIFF'S DEPARTMENT,
LIEUTENANT LARRY DUDA, SERGEANT STANLEY,
SCOTT SCHULTE, DEPUTY ZALIWSKI,
STEVEN MARSZHKE, DEPUTY MEDLOW,
DEPUTY COONEY, DEPUTY DUDA,[1]
DEPUTY MONTGOMERY, DEPUTY MADAJ,
DEPUTY DUPUIS, DEPUTY LERWICK,
DEPUTY IBRANOVICH, DEPUTY MASOYA,
DEPUTY CAMPAU, DEPUTY AJINI,
JOHN GLASS, MICHELLE SANBORN,
STEVE MALEK, and CORRECT CARE SOLUTIONS,

        Defendants.
_____/

**<u>OPINION AND ORDER DISMISSING THE RELIGIOUS FREEDOM AND ACCESS-TO-THE-COURTS CLAIMS, DISMISSING DEFENDANTS ANTHONY M. WICKERSHAM, ERIC J. SMITH, THE MACOMB COUNTY SHERIFF'S DEPARTMENT, LT. LARRY DUDA, DEPUTY IBRANOVICH, DEPUTY MASOYA, DEPUTY CAMPAU, DEPUTY AJINI, JOHN GLASS, MICHELLE SANBORN, STEVE MALEK, AND CORRECT CARE SOLUTIONS, DIRECTING PLAINTIFF TO SUBMIT ELEVEN COPIES OF HIS COMPLAINT AND TO PROVIDE THE FIRST NAMES OF SOME DEFENDANTS AND DENYING THE MOTION FOR EMERGENCY RELIEF</u>**

        Plaintiff Christopher M. Harris, II, a state prisoner at the Macomb County Jail in Mount Clemens, Michigan, has filed a *pro se* civil rights complaint (ECF No. 1) and a motion for

---

[1] In his list of defendants, Plaintiff names a Lieutenant Larry Duda and a Deputy Sheriff Duda. *See* Compl., ECF No. 1, PageID. 3, 8. The Court is assuming that these are two different people with the same surname.

emergency relief (ECF No. 6). The defendants include Macomb County Sheriff Anthony M. Wickersham, Macomb County Prosecutor Eric J. Smith, the Macomb County Sheriff's Department, and the following current or former employees of the Macomb County Sheriff's Department: Lieutenant Larry Duda, Sergeant Stanley, Sergeant Scott Schulte, Deputy Zaliwski, Steven Marszhke, Deputy Medlow, Deputy Cooney, Deputy Duda, Deputy Montgomery, Deputy Madaj, Deputy Dupuis, Deputy Lerwick, Deputy Ibranovich, Deputy Masoya, Deputy Campau, Deputy Ajini, Sergeant John Glass, and Jail Operations Manager Michelle Sanborn. Additional defendants include Chaplain Steve Malek of Gateway to Glory Ministries and a Macomb County medical service known as Correct Care Solutions.

Plaintiff alleges that the defendants have violated his constitutional rights by restricting his access to the courts, depriving him of religious materials and services, and physically assaulting him. His complaint seeks corrective surgeries for his injuries, the prosecution of deputy sheriffs, an investigation of events and individuals, placement of a lien on the defendants' assets, and money damages. His motion for emergency relief seeks: witness protection and a relocation to a different facility or release on a tether; appointment of counsel, an oversight committee, and an ombudsman; an order directing jail officials to cease tampering with his mail and assaulting inmates; and twenty stamped envelopes.

**I.**

Plaintiff alleges a Macomb County judge sentenced him to a year in the Macomb County Jail for violating the conditions of probation. (Compl., ECF No. 1, PageID. 18). He explains that he challenged the trial judge's ruling by filing state petitions for the writ of habeas corpus, but the trial judge did not respond to the petitions. *Id.* From November 2015 through September 2016 while Plaintiff was confined in the Macomb County Jail, he attempted to appeal the judge's

decision. Lieutenant Larry Duda, Michelle Sanborn, and Macomb County deputy sheriffs Masoya, Zaliwski, Dupuis, Medlow, Campau, Ajini, Ibranovich, Lerwick, and Madaj arbitrarily deprived him of access to the law library and a qualified library attendant. They told him that they were busy or that the law library was closed. In addition, Sergeant Schulte stated that there was nothing wrong with the outdated materials and that no changes would be made. (Compl., ECF No. 1, PageID. 14-15, 18.) Plaintiff also contends that the defendants threatened him and retaliated against him by locking him in his cell when he requested access to the law library, court documents, or forms. *Id*., PageID. 15.

Next, Plaintiff alleges that he is a black man, but also a Cushitic Israelite and that Chaplain Steve Malek violated his First Amendment rights by denying him access to religious services, religious materials, and religious meals. Additionally, Chaplain Malek, Sergeant Schulte, Lieutenant Larry Duda, Michelle Sanborn, and Anthony M. Wickersham requested documentation to verify that Plaintiff was, in fact, a practicing Jew. *Id*., PageID. 14-15, 18.

Finally, Plaintiff alleges that, on May 3, 2016, deputy sheriffs falsely accused him of making a weapon and took him to a holding cell where Deputies Zaliwski, Medlow, Madaj, Steven Marszhke, Cooney, Montgomery, Duda, Lerwick, Dupuis, Sergeant Stanley, and Sergeant Scott Schulte assaulted him by beating, punching, and kicking him. *Id.*, PageID. 15, 20. Deputy Marszhke allegedly applied a choke hold and punched him while his hands were cuffed behind his back. Both Marszhke and Deputy Zaliwski beat him about his torso and yanked on his penis; Deputies Montgomery, Duda, Lerwick, and Cooney punched, kicked, and jumped on him while insulting him; and Sergeants Stanley and Schulte "tazered him" multiple times. As a result of the assault, he fractured bones in his hand, left shoulder, face and skull. *Id*., PageID. 15-16, 20-23. Corrections Care Solutions neglected to provide any medical attention for fifteen days, *id*. (Page

ID. 16), and even though Plaintiff reported the incident to Sheriff Anthony Wickersham, prosecutor Eric Smith, and Sergeant John Glass, Glass refused to take his report. *Id.*, PageID. 16, 22.

## II.

The Court has granted Plaintiff permission to proceed without prepaying the fees and costs for this action. (ECF No. 5). Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint, or any portion thereof, if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint or allegation is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A §1983 plaintiff must prove two elements: "(1) that he was deprived

of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III.

### A.

As noted above, Plaintiff alleges that Lieutenant Larry Duda, Michelle Sanborn, and Macomb County Deputy Sheriffs Masoya, Zaliwski, Dupuis, Medlow, Campau, Ajini, Ibranovich, Lerwick, and Madaj arbitrarily deprived him of access to the jail's law library.

It is well-established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This fundamental constitutional right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828. Nevertheless,

> restricted access to the law library is not per se denial of access to the courts. *United States v. Evans,* 542 F.2d 805 (10th Cir. 1976). Nor do either *Younger v. Gilmore,* 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971) or *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) equate access to the courts with the adequacy of a prison law library. The prison library is but one factor in the totality of all factors bearing on the inmates' access to the courts which should be considered. *Hampton v. Schauer,* 361 F. Supp. 641 (D. Colo. 1973).

*Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir. 1978) (quoted with approval in *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)).

Further, "to state a claim for denial of meaningful access to the courts . . . , plaintiffs must plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by

> establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. . . . Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," *id.,* at 823, 97 S.Ct., at 1495 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "[p]laintiffs must demonstrate . . . that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim*, 92 F.3d at 416 (citing *Lewis v. Casey,* 518 U.S. 434).

Plaintiff alleges that deputy sheriffs repeatedly and arbitrarily denied him access to the jail law library when he was trying to appeal a state judge's decision. (Compl., ECF No. 1, PageID. 14-15, 18). He has not alleged that he was prevented from appealing the judge's decision or prejudiced in some other way as a result of being denied access to a law library. His primary concern appears to be that the library materials are outdated, but, as the Supreme Court pointed out in *Lewis v. Casey,* 518 U.S. at 351, establishing that the resources of a law library are limited is insufficient to state a valid First Amendment claim. Accordingly, Plaintiff's First Amendment access-to-the-courts claim will be dismissed

Deputy sheriffs Masoya, Campau, Ajini, and Ibranovich will also be dismissed from this lawsuit because their only involvement in the case is their alleged denial of Plaintiff's right of access to the courts. Plaintiff's conclusory allegations about Michelle Sanborn and Sheriff Wickersham also do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

**B.**

Plaintiff alleges that Chaplain Malek violated his First Amendment rights by denying him access to religious services, religious materials, and religious meals. Plaintiff further alleges that Chaplain Malek, as well as, Sergeant Stanley, Sergeant Schulte, Lieutenant Larry Duda, Michelle Sanborn, and Anthony M. Wickersham requested documentation to verify that he was a practicing Jew. Compl., PageID 14-15, 18.

The Supreme Court has stated that "[p]risoners must be provided 'reasonable opportunities' to exercise their religious freedom guaranteed under the First Amendment." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (citing *Cruz v. Beto*, 405 U.S. 319 (1972) (*per curiam*). However, to establish a First Amendment right to exercise his religion, Plaintiff must show that his religious beliefs are deep religious convictions shared by an organized group and are not merely a matter of personal preference. *Weaver v. Jago*, 675 F.2d 116, 118 (6th Cir. 1982). Therefore, the defendants, including Michelle Sanborn and Anthony M. Wickersham, did not violate Plaintiff's First Amendment right to practice his religion when they requested documentation to verify his Jewish convictions.

As for Chaplain Malek, the Court previously rejected Plaintiff's claim that Malek denied him special religious meals. *See Harris v. Malek*, Order Adopting Report and Recommendation, No. 1:16-cv-10755 (E.D. Mich. Mar. 16, 2017) (noting that Malek is a civilian volunteer chaplain and that Plaintiff did not state a viable claim against Malek). "The doctrine of claim preclusion . . . . prohibits 'successive litigation of the very same claim' by the same parties." *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016) (citing *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001)). The doctrine also bars litigation of claims that could and should have been advanced in an earlier suit. *Wheeler v. Dayton Police Dep't.*, 807 F.3d 764, 766 (6th Cir. 2015).

Plaintiff cannot, therefore, maintain an action against defendant Malek for allegedly depriving him of religious services, religious materials, and religious meals.

## C.

Plaintiff's remaining claim asserts that deputy sheriffs assaulted him on May 3, 2016. This allegation states a plausible claim, because even though

> [t]he Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981), . . . neither does it permit inhumane ones, and it is now settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," *Helling [v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480, 125 L.Ed. 2d 22 (1993)]. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. See *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Nevertheless, Plaintiff's claim that he informed John Glass, Anthony M. Wickersham, and prosecutor Eric Smith about the incident and was not allowed to make a police report fails to state a claim, because the decision "[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). "[E]ven when individuals are wronged in a manner cognizable under criminal law, they 'do not have a constitutional right to the prosecution of alleged criminals.'" *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 637 (E.D. Pa. 2014) (quoting *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3rd Cir. 2009) (*per curiam*)).

Furthermore, to the extent Plaintiff is suing Glass, Wickersham, and Smith under a *respondeat superior* theory of liability, his claim fails for the additional reason that there is no *respondeat superior* or vicarious liability in a civil rights action. *Iqbal*, 556 U.S. at 676; *Flagg v. Detroit*, 715 F.3d 165, 174 (6th Cir. 2013). Accordingly, John Glass, Anthony Wickersham, and

Eric Smith will be dismissed. The Macomb County Sheriff's Department will also be dismissed. The county sheriff's department is not a legal entity capable of being sued under § 1983. *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) ("Michigan is a jurisdiction in which the sheriff and prosecutor are constitutional officers, and there does not exist a sheriff's department or a prosecutor's office. Instead, the sheriff and the prosecutor are individuals, elected in accordance with constitutional mandates. Mich. Const. Art. 7, § 4. Since the sheriff's department and the prosecutor's office do not exist, they obviously cannot be sued."); *Ostipow v. Federspiel*, No. 16-CV-13062, 2018 WL 3428689, at *3 (E.D. Mich. July 16, 2018).

Correct Care Solutions will also be dismissed because Plaintiff seeks to hold Correct Care Solutions responsible for negligence and medical malpractice. Plaintiff contends that the medical company neglected to provide him with medical attention for fifteen days and offered no further medical attention after a physician noticed that Plaintiff was healing. (Compl., ECF No. 1, PageID. 16, 22). Although "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment," *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted),

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Id*. at 106. Plaintiff has not alleged that Correct Care Solutions was deliberately indifferent to his medical needs, and the proper vehicle for his medical malpractice claim is a tort claim under state law. *Id.* at 107.

Plaintiff has stated a claim against Sergeant Stanley, Sergeant Scott Schulte, Deputy Duda, Deputy Zaliwski, Steven Marszhke, Deputy Medlow, Deputy Cooney, Deputy Montgomery, Deputy Madaj, Deputy Dupuis, and Deputy Lerwick for the incident that occurred on May 3, 2016. However, Plaintiff has not supplied enough copies of his complaint for service on eleven of these defendants, and under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff . . . must furnish the necessary copies to the person who makes service." Additionally, Plaintiff has not provided the Court with the first names of Sergeant Stanley and Deputies Duda, Zaliwski, Medlow, Cooney, Montgomery, Madaj, Dupuis, and Lerwick.

Plaintiff also moves for various emergency relief (ECF No. 6) requesting that he be relocated, that he be placed in federal witness protection, that he appointed counsel, that Defendants be enjoined for tampering with his mail and enjoined from assault/abuse/neglect of plaintiff, and that the court appoint an ombudsman to supervise jail operations. Plaintiff has no right to confinement in a particular correctional facility, *Johnson v. CCA-Northeast Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332-33 (6th Cir. 2001), or to appointment of counsel in a civil case, *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). Furthermore, he has not shown that the named defendants were responsible for tampering with his mail, and it would be premature to appoint an oversight committee or an ombudsman at this time. Finally, there is presently no evidentiary support for his allegations that he is in danger, nor does he appear incapable of communicating with the state and federal courts. Thus, he has failed to show the need for emergency relief.

Accordingly, it is **ORDERED** that Plaintiff's claims of violation of his religious rights under the First Amendment and denial of his access to the Courts are **DISMISSED**.

It is further **ORDERED** that Plaintiff's claims against Defendants Anthony M. Wickersham, Eric J. Smith, The Macomb County Sheriff's Department, Lt. Larry Duda, Deputy Ibranovich, Deputy Masoya, Deputy Campau, Deputy Ajini, John Glass, Michelle Sanborn, Steve Malek, And Correct Care Solutions are **DISMISSED**.

It is further **ORDERED** that on or before **April 1, 2019** Plaintiff shall provide the Court with eleven (11) identical copies of his complaint and the first names of Sergeant Stanley and Deputies Duda, Zaliwski, Medlow, Cooney, Montgomery, Madaj, Dupuis, and Lerwick. Submissions are to be sent to: Theodore Levin U.S. Courthouse, Attention: Clerk's Office, 231 W. Lafayette Blvd., Detroit, MI 48226. Failure to provide copies of his complaint or the first names of the Defendants may result in dismissal of the complaint.

It is further **ORDERED** that the motion for emergency relief (ECF No. 6) is **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: February 7, 2019

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Christopher Harris** #150427, MACOMB COUNTY JAIL, P.O. BOX 2308, MT. CLEMENS, MI 48043 by first class U.S. mail on February 7, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager